IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

**1658-15**

P.D.R NO. _____

ORIGINAL

| | | |
|---|---|---|
| Eric Laval Thompson | § | |
| (EX PARTE) Applicant | § | |
| | § | CAUSE NO. 07-12-00454-CR |
| V. | § | TRIAL COURT NO. 68,897 |
| THE STATE OF TEXAS | § | |
| Appelle | § | |

## PETITION OF DISCRETIONARY REVIEW

IN the 264th District Court from Bell County
Trial Court No. 68,897 Honorable Martha J. Trudo Presiding.

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

Appeal attorney Erika Copeland
930 S. Bell Blvd., STE 408
Cedar Park, TX 78613
Tel/Fax (512) 219-8930
State Bar NO. 16075250

Trial attorney: Michael F. White
100 Kasbery Drive
Temple, TX 76503
(254) 770-3388 TEl
(254) 770-0883 FAX
State Bar NO. 00785231

Appellant Request Oral Argument

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

P.D.R. _____

| | | |
|---|---|---|
| ERIC LAVAL THOMPSON | § | |
| Appellant | § | |
| | § | CAUSE NO. 07-12-00454-CR |
| V. | § | TRIAL COURT NO. 68,897 |
| THE STATE OF TEXAS | § | |
| Appellee | § | |

## APPELLANT'S PETITION DISCRETION REVIW

On petition for discretion review from the Seventh Court of Appeals in NO. 07-12-00454-CR Affirming Conviction in Cause 68897 426th District Court of Bell County

Come now Eric Laval Thompson Appellant in the above-styled and number cause by and though his pro-se and files his petition for discretion review. In support of his pray for review. Appellant would respectfully show the court as follows:

A. Table of Contents
B. Index of Authorities
C. Statement Regarding Oral Argument
D. Statement of the Case
E. Ground for Review
F. Argument
G. Prayer for Relief

# Table of Content

Index of Authorities                                      page. 1

Statement Regarding Oral Argument                         page. 2

Statement of the Case                                     page. 2

Statement of Procedural History                           page. 2

Ground for Review                                         page. 3

Argument                                                  page. 4

Prayer for Relief                                         page. 13

## Index of Authorities

Studer v. State 799 s.w. 2d 263 (Tex Crim App 1990)           page. 5
Riney v. State 28 s.w. 3d 561 (Tex. Crim App 2000)            page. 5
Tullous v. State 23 s.w. 3d 195 (Tex App Waco 2000)           page. 6
Martinez v. State 225 sw. 3d 550 (Tex. Crim App 2007)         page. 6
Livingston v. State 739 s.w. 2d 311 (Tex. Crim App 1987)      page. 6
Solomon v. State 49 s. w. 3d 356, 361 (Tex. Crim App 2001)    page. 8
Sheffield v. State 847 s.w. 2d 251, 259 (Tex App Tyler 1992)  page. 8
Tex. Crim App. proc ANN art. 21.02(7), 21.04, 21.11          page. 6
Texas Criminal Procedure art. 21.24                          page. 6
Texas Const. art. 1 § 10                                      Page. 6
Texas. Penal Code ANN. 15.03 (b)                             Page. 11
Texas. Penal Code ANN. art 38.14                             page.

①

## Statement Regarding Oral Argument

1. The facts and legal argument are not adequately presented in the briefs and record.

2. The decisional process would be significantly aided by oral argument.

## Statement of the Case

On August 14, 2012 Eric Laval Thompson was convicted by jury verdict in Cause Number 68,897 in the 264th District Court in Bell County, Texas, of the offense of Criminal Solicitation of a minor (R.R.5,p.126) His conviction was enhance by three State jail felony convictions and he was sentenced by the court in accordance with the jury's finding to incarceration in the Texas Department of Criminal Justice's Institutional Division for thirty years (30)

## Statement of Procedural History

In an unpublished opinion delivered September 19, 2014 a panel Seventh Court of Appeal Affirmed the judgement and sentence Thompson v. State No. 07-12-00454-CR (Tex.App.Amarillo 2014) Appellant's Petition for Discretion Review is filed pursuant to Ex parte Riley 193 S.W. 3d (Tex.Crim.App 2006) From Court of Criminal Appeals No. WR-74986-02.

⑨

## Grounds for Review

### Ground One:

The Court of Appeals has decided the indictment Penal Code Section 21.11(c) Indecency of a child by Contact is relevant part Penal Code section 15.031(b) Solicitation of a minor of appellant indictment.

### Ground Two:

The Appeals Court idulge in infernces or confine its view to Corroborate evidence favoring one side of the case, Rather, then look at all the evidence on both side.

## Question for Review

### Issue One:

Did the Appeals Court circumvent the indictment appellant was charge for, too what he was found guitty for?

### Issue Two:

Did the Appeals Court veiw the Corroborate evidence and testimony on bothside to make a predominantly intuitive judgement?

③

# Argument

## Factual Background:

Appellant was charge and indicted for a "Second degree" Indecency with a child by sexual Contact Cause No. 68,897 in 264th District Court. Appellant turn his self in and later bonded out on a personal bond on Dec 2, 2011. See personal bond Cause no. 68,897. Appellant was set for jury trial for Indecency with child by Contact. The court appointed Mr. White as attorney of record for Indecency with a child by Sexual Contact. The document for Cause Number 68,897 like, See, The Magistrate's Warning, Precept to serve, Capias, and the judge docket sheet all State New indictment Indecency with a child by Sexual Contact "Second degree".

On August 9, 2012 the day appellant pretrial hearing for his second degree, Indecency with a child by sexual contact, Cause no. 68,897 Set for trial in 264th District Court. See Pretrial Matters R.R. V2- page 4 Trial Court Called both appellant Cause No. 65,274 and 68,897 Appellant and only Adam Reposa the attorney of record for the 65,274 Case was present. Mr. Reposa address the court to informed the court. Mr. White (court appointed attorney) is next door in a hearing before Judge Jezek in the Cause 68,897 case.

Appellant want to address he can not be in two different court room on the same day and they both under the same Cause Number 68,897. On August 13, 2012 appellant was at another pretrial trial matter under Cause no. 68,897. Where the court made appellant aware

④

What the state was proceeding on.

The Court: From what the state just told me. I told you before that What you're indicted for is indecency with child by Contact and --

The State: We're actually proceeding on solicitation of a minor charge today.

See. (R.R. V3-5, line 16-20)

Appellant first time being aware of the Solicitation of a minor Charge. Appellant argue that his indictment for Indecency with a Child by Sexual Contact "Second degree" Charge was from The 264th District Court, and the Solicitation of a minor Charge from The 426th District Court. See (appellant docments) Appellant request notice of State's intention to use evidence of extraneous offense at trial. At least 10 days prior to the commencement of trial any other crime, wrong, or act... Commited in the indictment or information. see. (notice of state's intention)

The state violate appellant due cause and due process, and Appellant gave state proper notice. Appeal Court circumvent appellant indictment to what his charge is. The only potential for relief suggested in the report, Via due process, would arise only if the appellant can show that he was "mislead or otherwise prejudiced by a defect in a charing instrument." Studer v. State 799 S.W. 2d 263 (Tex Crim App 1990) Solicitation of a minor gave appellant "one day notice" Nothing in appellant docment mention a trial set for Solicitation of a minor. The accused is not required to look beyond the face of the indictment for notice of the nature and cause of an accusation Riney v. State 28 S.W. 3d 561 (Tex. Crim. App 2000) Statue which

⑤

use as undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the appellant. _Tullous v. State_ 23 sw 3d 195 (Tex. App. waco 2000) Appellant was between two indictment or charges under the same Cause Number 68,897 one count indictment, one "Second degree" and the other "third degree". The Court ~~court~~ ᵉᵘˢ Chaging the jury charge ^several time while trial is commence is a violation. The change must be know before trial commence and the charges cannot be amended [nor Added to] _Martinez v. State_ 225.5.W. 3d 550 (Tex Crim App 2007) see. R.R. V5-99, line 20-22. Both charges are from the same criminal episode. Tex Const art. 1 §10 adequate notice.

Indictment specifically allege appellant:

did then there with the intent that Indecency with a child by contact be committed request command and attempt to induce [R.S] an individual younger than 17 years old to engage in specific Conduct, to wit: to allow the appellant to touch her female sexual organ that under the circumstances Surrounding the conduct would have constituted Indecency with a child.

A Charging instrument is sufficient if, on it face, it charge the offense in plain and intelligiable words that would enable a person of common understanding to know what offense he will be required to defend himself aginst and enable him to plead the judgement that may be given on it in bar of any further prosecution for the same offense. Tex. Crim App Proc Ann art 21.02(7), 21.04, 21.11; _Livingston v. State_ 739 S.W. 2d 311 (Tex. Crim App 1987) Appellant argue he wasn't giving proper notice of the Charge Solicitation of a minor he was going to trial for. Two or more offense may be joined in a single indictment, information, or Complaint with each "offense" stated in a "separate count" if the offenses arise out of the same criminal episode as defined in Chapter 3 of the Penal Code Texas Criminal Procedure art. 21.24

## Arguement Continue

### Ground Two:

**Issue Two:** The evidence presented did not "Strongly" Corroborate the solicitation or the intent. The allege victim Ra'shaya Scott [R.S] and her sister Shamia Scott [S.S] witness statement are inconsistent. On the 5th of April 2009. The police was call to the house for a Indecency with a child charge. R.S the allege victim gave her statement to police. R.S. gave another statement to the same S.A.N.E nurse about the incident. The day of trial R.S. gave her testimony to what happened, as well as S.S. testimony.

On August 14.2012 the allege victim testified that She was on the computer when her aunt came home with appellant. R.S. stated appellant wanted to see about using the computer, and he wanted to see what I was doing on the Computer. See R.R. V5-17, 15-16. At this time S.S. allege victim's sister Stated She awaken to whispering. R.R.V5-27, line 8-23. Appellant notice she was on myspace. S.S. testified she heard appellant ask her about her myspace page and R.S. Showed him. See R.R. V5-28, line 11-14. R.S. testified appellant ask her name and age? She testified She's 13 turning 14. Appellant testified she told him 17 turning 18. See R.R. V5-61 line 2-3. Appellant didn't have anything to be skeptical about, because she had a page on myspace which is an "adult Chat line". R.S. Stated when she got off the Computer, she went into the livingroom. See R.R. V5-18, line 6-7 Appellant got on the computer to check his email. R.S. Stated She ask appellant can she watch one of his new movies.

⑦

which she pick out a movie to watch. See R.R. V5-18, line 16-18. When appellant was done checking his email, he went into the living room. S.S. stated she was really asleep, but had awaken to a male and female whispering. See. RR. V5-27, line 19-23. Appellant testified he went the livingroom to watch the movie R.S. pick out. See. V5-61, line 13-14. R.S. testified appellant ask her about a pornagraphy movie. Appellant denied he mention anything about a pornagraphy. See. RR. V5-18, line 8-10. S.S. stated she didn't anything sexual.

Also R.S. testified appellant gave her $5 to rub his shoulder. Appellant addmitted giving R.S. $5 to rub he shoulder. S.S never heard R.S. and appellant mention $5 to rub appellant shoulder. After the shoulder rub R.S. testified appellant, "put his hands on my underwear and push my underwear to the side and he started rubbing me. See R.R. V5-19 line 4-6. Appellant testified he didn't touch R.S. The sister S.S. testified she didn't hear anything sexual or seen anything sexual. Eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there any evidence that tends to connect the accused with the commission of the crime Solomon V. State 49 S.W.3d 356 361 (Tex. Crim. App 2001)

Appellant was close to the allege victim or together before or after the allege commission of an offense is not by itself sufficient corroboration. S.S. account of the touching is insufficient corroboration Moreover, evidence that merely goes to show motive or opportunity of the accused to commit the crime is insufficient corroboration Sheffield v. State 847 S.W. 2d 251, 259 (Tex App-Tyler 1992 pet. ref'd)

R.S. also testified that appellant ask her did she wanna make $50 to come into the room. She said no. see. R.R. V5-19, line 14-17. S.S. testified she heard appellant offer R.S. $50 to "Lay on her back", and then again S.S. heard "Just lay on your back". See R.R. V5-28, line 15-17. Both R.S. and her sister S.S. have two different account on what they heard ~~the~~ FLT about the $50. This clearly show R.S. and S.S. statement are inconsistant to corroborate the intent or the solicitation.

\* R.S. made three statement at three different time \*

1. The police report. see police report

2. Her report to the S.A.N.E nurse see. R.R. V5-92, line 4

3. Testimony when she took the stand see. RR V5-19, line 19

R.S. never mention that appellant offer her $50 to "lay on her back" Appellant testified that he never offer R.S. money to go into the room, lay on her back, or sex.

Appellant testified when he gave R.S. $5 to massage shoulder and he was counting his money. R.S. ask, can she get $100. appellant said no. Then R.S. stated a $100 to have sex. Appellant testified he told her no, and that's when R.S. side what about $50. See RR V5-80. line 24-25. Appellant reiterate R.S. $50 proposition. Appellant got up to go to bathroom, came back to the livingroom to go into the kitchen and off to bed. see RR. V5-63 line 16-22. The state took what appellant said out of content, when he talk to his mom on the phone about to, going to, intenting to, give R.S. money to have sex with her. The state ask appellant several time. Did he offer money for sex? to R.S. and every time appellant said NO. The state ask R.S. "Do you ~~know~~ Know why he wanted you to go in the room. R.S. stated NO, but I have an idea, To have sex

⑨

R.S. answer No, and said, she have an idea "Idea does not qualify as reliable".

In appellant defence, Appellant repeatly and vehemently denied that he ever solicited R.S. for sex or ever touch her in an inappropriat manner. He mention to his mother he was going to give R.S. $150 to have sex, only because he believed R.S. was 17 about to 18. R.R. V5-61. line 1. He said the one thousand dollars mentioned in the recording was not to bribe anyone: he just wanted the whole thing "to go away", and he thought that would somehow help the cause R.R. V5-84, line 8-12

Appellant argues the expert opinion did not corroborate the solictation or the intent. Sheila Priori, a sexual assault nurse expert for the State testified she saw an injury. Which nurse testified. "I did a genital exam on her and she actually did have some finding which I was concerned because of digital penetration often there isn't any injury." R.R. V5-93, line 6-8. The nurse testified R.S. have a one centimeter laceration tear, that require No medical repair. R.R. V5-96, line 18. She also testified that her injury was more consistent with penetration and may be pulling, as R.S. described pulling the lips apart. R.R. V5-95 line 23-25. The ~~nurs~~ nurse Ms. Priori didn't do a pelvic exam because R.S. stated she was a virgin.

Appellant argue that R.S. testified the pulling of her underwear to the side. R.R. V5-19, line 5-6. Ms. Priori stated, R.S. was talking about pulling apart or to the side her lips that cause her tear. Ms. Priori mis understood what R.S. said. R.S. injury are more consistent with digital penetration that could not been cause by appllant. Ms. Priori took the word of a young girl that claim she a virgin with her mother standing right there with her.

Ms. Priori also agree that there are innocent explantions for such tear. Like riding a bike, skiing, scratching, or yeast infection. Ms. Priori testimony was in no way "Strongly" Corroborative to the victim's testimony or appellant intent that the minor act on the solicitation.

Penal Code 15.03(b) is conjunction with 38.14. The corroboration in a solicitation case must link the appellant to the crime at two separte stage. According to the language of 15.03(b) the evidence must be Corroborative of both the Solicitation itself and the actor's intent that the other person act on the solicitation.

Finally, R.S. testified when appellant went to the the Kitchen to get something to eat. Then he had left to her aunt room. She stated she went to the pull out couch to lay down next to her sister.

Q. Did you cry?
A. Yes

R.S. testified She talk to her sister that night but not about what happened. R.S. Stated She told S.S. what happened the next morning. RR. V5-21, line 1-15.

Final;

It is appellant belief that the allege witness S.S. was asleep the whole time. Appellant say this because neither the allege victim R.S. or witness S.S. Statement or Story Match one another. Both testified to two different offer they heard about the $50, Which don't strongly corroborate there testimony. R.S. testified to appellant touching her on her sexual organ at two differant time. S.S. testified she didn't hear nor see any sexual activity that R.S. Claim. S.S. did testified she heard appellant ask to see her Myspace page and S.S. Stated R.S. Showed him. S.S. testimony corroborate appellant testimony that R.S. told him She 17. Myspace is an adult online chat site for 18 years old and older. What is R.S. doing with a page on an adult online chat site? Which she was on 1 or 2 am. in the morning. This clearly show R.S. told appellant She is 17 turning 18. The state had a sexual assault nures come and testifed on this Solicitation of a minor charge. Ms. Proiri the S.A.N.E nurse testified that R.S. have an injury that is consistent with penetration. This clearly don't Show corroborate to what R.S. testified too. R.S. Stated touching and rubbing. The state again mislead the jury to get a conviction. Appellant believe R.S. got her sister to help her to come up with this story. Which is why the testimony and evidence don't "Strongly" corroborate.

## Prayer

WHEREFORE Eric Laval Thompson prays that this Court of Criminal Appeals reverse the judgement of the trial court where appropriate and enter its order of acquittal, reverse and remand for new trial where appropriate, or in the alternative, enter such orders to which the Appellant may be justly entitled.

Eric Laval Thompson #1806899
Pro-se
"Terrell Unit"

1300 FM 655

Rosharon, TX 77583

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2015 a true and correct document accordance with the Texas Rules of Appellant Procedure.

Eric Laval Thompson

⑬



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00454-CR

ERIC LAVAL THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 264th District Court
Bell County, Texas
Trial Court No. 68897, Honorable Martha J. Trudo, Presiding

September 19, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

A jury convicted appellant Eric Laval Thompson of criminal solicitation of a minor, R.S., and assessed punishment at thirty years in prison.[1] Through two issues appellant asserts the corroborating evidence, required by statute, was insufficient. We will overrule appellant's issues and affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 15.031 (West Supp. 2014). The punishment was enhanced to habitual offender status by proof of three prior convictions. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

## Background

Viewed in the light most favorable to the verdict, the evidence at trial shows the following. R.S. and her sister S.S., both age thirteen at the time, were staying overnight with their aunt F.O. Also present were F.O.'s two children, a female age thirteen and a male age three.

During the night, F.O. returned home with appellant, her boyfriend. F.O. promptly went to bed because she had to work the next morning. Appellant remained in the living room where S.S. and her female cousin lay on a "pull-out" couch. R.S. also was present.

Appellant spoke with R.S. Among other things, he asked if she had seen a particular pornographic video. When R.S. responded that she had not, he began describing the content. They talked of possibly watching a movie and appellant offered R.S. five dollars to "rub his shoulders." She obliged.

After a few minutes, appellant began inappropriately touching R.S. She asked him to stop. He then walked toward an unoccupied bedroom and asked R.S. if she wanted to earn $50. When she asked what was required he responded "just come in the room." R.S. understood appellant wanted to have sexual intercourse with her. She refused and appellant returned to the couch beside R.S. He placed her hand on his penis and began rubbing. He also rubbed her breast. When he asked if she wanted him to stop, she responded affirmatively.

2

Appellant then left for F.O.'s bedroom. R.S. lay crying on the couch beside S.S. The following morning R.S. told S.S. of the events. S.S. telephoned the police and an investigation followed, leading to appellant's arrest.

A sexual assault nurse examiner testified to her examination of R.S. The history R.S. gave the nurse substantially paralleled her in-court testimony. The nurse discovered a one-centimeter laceration on R.S.'s sexual organ, which she said was consistent with the history R.S. provided. On cross-examination, she also agreed there were lawful explanations for the type of laceration R.S. presented. No evidence of any of the other identified explanations was adduced.

S.S. testified that she was sleeping on the pull-out couch but overheard a conversation between a man and R.S.[2] She heard the man ask R.S., "Do you want to make $50 and she said, 'What do I have to do?' He said, 'Well, lay on your back.' She said, 'Why?' He said, 'Just lay on your back.'" S.S. continued, "He asked her to come into the room. She said no repeatedly." According to S.S., R.S. told the man she was thirteen but soon to be fourteen. After the man "went somewhere" R.S. lay on the couch crying. The following morning R.S. told S.S. "what happened" and S.S. called the police.

After his arrest, appellant telephoned his mother from jail. The call was recorded and the recording was played for the jury. During the conversation, appellant stated, "I did offer the girl some money to f- - - . . . . I can admit to that, I offered the girl some money."

_____

[2] S.S. did not explicitly identify appellant as the man she heard talking with R.S., but it is undisputed appellant was the only adult male present.

3

Appellant chose to testify at the guilt/innocence phase of trial. His testimony was rambling and at times difficult to follow. He did not deny, however, the offer of sex for money recounted in his jail telephone call with his mother.

Appellant was sentenced according to the jury's verdict and this appeal followed.

Analysis

Through two issues which we, like the parties, discuss jointly, appellant argues the evidence of the solicitation and of his intent that R.S. act on the solicitation was insufficiently corroborated.

The indictment specifically alleged appellant:

did then and there with the intent that Indency (sic) with a Child by contact be committed, request, command and attempt to induce [R.S.] an individual younger than 17 years of age to engage in specific conduct, to wit: to allow the [appellant] to touch her female sexual organ that under the circumstances surrounding the conduct of the [appellant] would have constituted Indecency with a Child.

In relevant part, Penal Code section 15.031 provides that a person commits the offense of solicitation of a minor:

[i]f, with intent that an offense under [Penal Code § 21.11(a)(1) (indecency with a child)] be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense under [§ 21.11(a)(1)] or would make the minor or other believed by the person to be a party to the commission of the offense under [§ 21.11(a)(1)].

TEX. PENAL CODE ANN. § 15.031(b) (West Supp. 2014). Under this section, a "minor" means an individual younger than 17 years of age. *Id.* at 15.031(f).

4

Penal Code section 21.11 provides, in pertinent part, that a person commits the offense of indecency with a child "if, with a child younger than 17 years and not the person's spouse, . . . the person: (1) engages in sexual contact with the child . . . ." TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). "'[S]exual contact' means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, . . . [of] any part of the genitals of a child . . . ." *Id.* at § 21.11(c)(1).

> A person may not be convicted [of solicitation of a minor] on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation.

TEX. PENAL CODE ANN. § 15.031(c) (West Supp. 2014). The required corroboration is like that of the accomplice-witness statute, Code of Criminal Procedure article 38.14. *Lankford v. State,* 255 S.W.3d 275, 277 (Tex. App.—Waco 2008, pet. refused) (comparing § 15.031(c) with art. 38.14, and citing *Richardson v. State,* 700 S.W.2d 591, 594 (Tex. Crim. App. 1985)). And, to evaluate the sufficiency of the corroborating evidence, we apply the same standard used in accomplice-witness cases. *Richardson,* 700 S.W.2d at 594 (citing *Adams v. State,* 685 S.W.2d 661 (Tex. Crim. App. 1985)). Applying that standard, we "eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Solomon v. State,* 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).

A challenge to the sufficiency of corroborating evidence is not the same as a challenge to the sufficiency of the evidence to support the verdict as a whole. *Cathey v.*

*State,* 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999) (accomplice-witness rule is legislatively-created sufficiency review and not derived from federal or state constitutional principles defining sufficiency of evidence standards). The corroborating evidence need not directly connect the defendant to the crime or be sufficient by itself to establish guilt. Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005); *Vasquez v. State,* 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Rather, evidence offered in corroboration need only tend to connect the defendant to the offense. *Smith v. State,* 211 S.W.3d 476, 478 (Tex. App.—Amarillo 2006, no pet.). The phrase "tends to connect" has the ordinary dictionary definition, "to serve, contribute or conduce in some degree or way . . . to have a more or less direct bearing or effect." *Holladay v. State,* 709 S.W.2d 194, 198 (Tex. Crim. App. 1986) (quoting *Boone v. State,* 90 Tex. Crim. 374, 235 S.W. 580, 584 (1921)). Although the mere presence of an accused in the company of the accomplice before, during, and after the commission of the offense, standing alone, is insufficient to corroborate accomplice testimony, evidence of such presence, along with proof of other suspicious circumstances, may tend to connect the accused to the offense. *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). We review the corroborating evidence in the light most favorable to the verdict. *Smith,* 211 S.W.3d at 478. The tends-to-connect standard does not present a high threshold. *Cantelon v. State,* 85 S.W.3d 457, 460-61 (Tex. App.—Austin 2002, no pet.).

We find evidence corroborating R.S.'s testimony in the nurse examiner's testimony, S.S.'s testimony, appellant's recorded telephone conversation with his mother, and in appellant's trial testimony. During his testimony, appellant denied

mentioning anything to R.S. about sexual intercourse but then added, concerning the recorded conversation with his mother:

> When I spoke to my mom about this situation I told my mom I was intending to give her $50—that I was going to give her $50 to f[- - -]. Yes, I did say that. And I meant that. I am so sorry. I shouldn't have even said that to that girl.[3] But for me to know that this girl was and then when the detective told me she was a lot younger than that, I mean, it's—it's entrapment.

Later appellant testified he "was lead to believe the girl was 17 years old." His cross-examination ended with the following colloquy:

> Q [R.S.] said you offered her $50.
>
> A [R.S.] said that just a second ago. Yes, she did, I heard her say that.
>
> Q And you told your mom that's what you did?
>
> A I told my mom that I was going to give a girl $50 to f[- - -], yes, I did tell my mom that. I did. I did. I promise you did I did (sic).

Appellant's contention may be that he told his mother he intended to ask R.S. to have sex with him for $50, but he never uttered the intention to R.S. Thus he could not have requested, commanded, or attempted to induce R.S. However, in separate conversations shortly after their encounter, R.S. and appellant both said he offered her $50 for sex. He told his mother as much, while R.S. told the nurse examiner. S.S. also testified she heard a man ask R.S. if she wanted to make $50 by lying on her back. S.S. also testified he asked R.S. to "come into the room."

The jury was not required to accept appellant's initial denial that he solicited sexual contact from R.S. In its role as judge of the credibility of the witnesses and the

---

[3] During his lengthy testimony, appellant referred to R.S. as "that girl," "the girl," or "this girl."

weight given their testimony, the jury was free to accept or reject all or any portion of a witness's testimony. *Gutierrez v. State,* No. 04-12-00349-CR, 2013 Tex. App. Lexis 5329, at *16 (Tex. App.—San Antonio May 1, 2013, no pet.) (mem. op., not designated for publication).

Based on the testimony of appellant, S.S., the nurse examiner, and the recorded conversation, we find the evidence tending to connect appellant with criminal solicitation of R.S., a minor, was sufficient. Appellant's first and second issues are overruled.

Conclusion

The judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

8